E. E. DARNELL, Appellant, v. CASTANA DRUG COMPANY et al.,
Appellees.

**INTOXICATING LIQUORS:** Injunction—Motives of Prosecution. A
   decree of injunction, in a proper action, should follow proof of the
   unlawful sale or keeping for sale of intoxicating compounds cap-

able of being used as a beverage, irrespective of any view of the
trial court that the action was not prompted by the best of motives.

*Appeal from Monona District Court.*—C. C. HAMILTON, Judge.

JUNE 23, 1922.

SUIT in equity, to enjoin an alleged liquor nuisance. On
trial to the court, the bill was dismissed, and plaintiff appeals.—
*Reversed.*

*John F. Joseph,* for appellant.

*C. E. Cooper,* for appellees.

WEAVER, J.—The defendant Minthorn is proprietor of a
drug store in the town of Castana, and is a practicing physician.
The drug store is conducted under the name of the Castana Drug
Company, and the defendant Peterson is employed therein. The
plaintiff is mayor of the town, and is also a practicing physician.
He carries a stock of drugs, from which he compounds his pre-
scriptions, but does not do a general drug business. On March
8, 1921, one George Moss was arrested in Castana on the charge
of intoxication, and brought before the mayor. A fine was
assessed against him, and he was committed to the county jail,
from which he was later released, on giving information con-
cerning the purchase of the liquor, saying that he obtained it
at the store of the Castana Drug Company. Thereupon, the
plaintiff brought this action, charging defendant with the main-
tenance of a liquor nuisance. The defendant answered by gen-
eral denial of the charge made against him. On trial to the
court, the action was dismissed, at plaintiff's costs, the court
saying:

"The court feels that this action is not brought in good
faith. The record shows that the plaintiff herein is a doctor and
a druggist located in Castana; that the defendant is a doctor
and proprietor of a drug store in Castana; that the plaintiff
herein is the mayor of the town of Castana; that he caused the
arrest of the main witness in this case and caused his imprison-

ment in the county jail at Onawa, Iowa; that, after such incarceration, he made two visits to that witness in the jail at Onawa, Iowa, and attempted to procure information as to where intoxicating liquor was procured by this witness; that he made promises to the witness that he would let him out of jail if he would tell him where he secured the liquor; and that the witness did inform him that he got it at this drug store. Taking all things into consideration, the court feels that this action is not brought in good faith, but on account of business differences between the plaintiff and the defendant.''

The evidence shows without dispute that defendant kept in stock Jamaica ginger, a compound made of 85 per cent alcohol and 15 per cent ginger, and another proprietary compound known as Hostetter's Bitters, containing 19 per cent alcohol, and that these articles were sold to various persons, in the course of the business. On the day of the arrest of Moss, he bought of the defendant a bottle of the bitters and an ounce of the Jamaica ginger, which he swears he drank, after diluting the ginger with water or pop, and that these were the only drinks of liquor he consumed on that day. There was uncontradicted evidence of sales of both these articles to other persons, most of them being to boys from 16 to 20 years of age; and in each instance the bitters or Jamaica ginger so bought were drunk by the purchaser or by persons for whom they were procured, the ginger being usually diluted with water or pop. The defendant Minthorn, conceding sales made by him, says:

''We have aimed not to make any sales where we expected them to use it, or where it would be used as a beverage. * * * We limit all sales of Jamaica ginger to an ounce. We don't sell more than an ounce to any individual within a week. That is the rule.''

He further says:

''I have heard of its being used as a drink when diluted 8 or 10 times, but it is pretty hot then. * * * If the ounce was put into a bottle of pop, the pop would cover it more than water would. The sweet flavor of the pop would offset the ginger effect, and it would be possible to drink it, if it was diluted 8 or 10 times.''

He further testifies that, as a practicing physician, he has never prescribed the use of Jamaica ginger as a medicine. There is no evidence whatever that Hostetter's Bitters were not capable of being used as a beverage; but on the other hand, it is shown that they were so used in fact. The very fact that defendant thought it wise to limit his sales to one person to one ounce of the ginger or one bottle of the bitters per week, is proof sufficient that he knew of their intoxicating character. But the plea of ignorance or good faith constitutes no defense, where the alcoholic content of the article sold and the potable character of the compound are proved or admitted. The unlawful character of the sales charged in this case is shown beyond a reasonable doubt. The trial court and counsel for appellees seem to lose sight of the issue in the case, and instead of considering whether the proved and admitted sales by the defendant were made in violation of law, turn their attention to the question of the motive of the plaintiff in bringing the action. The savage criticism of the plaintiff by counsel, and the expressed opinion by the court that the action was not brought in good faith, are without the slightest justification in the record. Both as a citizen of the county and as mayor of the town, charged with the duty of enforcing the law, it was plaintiff's right to bring the suit; and upon proof of the charge made, decree should have been entered as prayed, without regard to the personal relations between the plaintiff and defendant. Of those relations, it is but fair to say that there is absolutely nothing to show any "business differences between them," except the simple fact that plaintiff and defendant both happen to be physicians, practicing in the same town, and that plaintiff carries his own stock of drugs, instead of sending his prescriptions to the defendant's store. There is no hint or suggestion of personal hostility between them. Upon the one and only pertinent question in the case, whether defendant, in person or by his employees, was selling or keeping for sale intoxicating liquors, in violation of law, the fact is established beyond controversy.

The decree appealed from is, therefore, reversed, and cause

remanded, with direction to enter a decree as prayed in the petition.—*Reversed.·*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.